**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4843**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

JESSICA VENNIE,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:16-cr-00485-JKB-8)

Submitted: September 20, 2019                    Decided: October 22, 2019

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Rebekah L. Soule, Jonathan C. Su, LATHAM & WATKINS LLP, Washington, D.C., for Appellant. Robert K. Hur, United States Attorney, Leo J. Wise, Assistant United States Attorney, Robert R. Harding, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a multi-day jury trial in June 2018, Jessica Vennie was convicted of racketeering, in violation of 18 U.S.C. § 1962(c) (2012); conspiracy to distribute and to possess with intent to distribute K2 (synthetic marijuana), in violation of 21 U.S.C. §§ 841, 846 (2012); and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (2012). The district court sentenced Vennie to 72 months in prison. Vennie appeals, raising two issues pertaining to her convictions and one challenge to her sentence. For the reasons that follow, we affirm.

I.

Vennie first argues that her case was improperly joined with that of her codefendant, Jocelyn Byrd.[1] This court reviews "*de novo* the district court's refusal to grant defendants' misjoinder motion to determine if the initial joinder of offenses and defendants was proper under Fed. R. Crim. P. 8(a) and 8(b) respectively." *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003). If the initial joinder was correct, we then analyze whether the denial of the defendant's motion to sever amounts to an abuse of discretion under Fed. R. Crim. P. 14. *Id.* But if the joinder was erroneous in the first instance, we review "this nonconstitutional error for harmlessness, and [will] reverse *unless* the misjoinder resulted in no actual prejudice to the defendants because it had no substantial and injurious effect or influence in determining the jury's verdict." *United States v. Cannady*, 924 F.3d 94, 102 (4th Cir. 2019) (brackets and internal quotation marks omitted).

---

[1] The jury acquitted Byrd of all charges.

We first conclude that the district court's joinder ruling was proper. As the Sixth Circuit recently observed, "[f]or joinder, the allegations in the indictment are what matter." *United States v. Ledbetter*, 929 F.3d 338, 346 (6th Cir.), *pet. for cert. filed*, __ U.S.L.W. __ (U.S. Aug. 22, 2019) (No. 19-5663). Under Rule 8(b), an indictment may join two or more defendants if those defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Here, Vennie and Byrd, both correctional officers employed at Eastern Correctional Institution (ECI) during the relevant time frame, were charged with a substantive racketeering offense related to the same alleged enterprise—ECI. The superseding indictment charged that Vennie and Byrd committed two of the same racketeering acts. Because the superseding indictment alleged that both women committed two of the same racketeering acts, in furtherance of the same enterprise, and at the same general time, the district court acted well within the bounds of Rule 8(b) in allowing joinder. *Accord id.* (affirming the joinder of multiple defendants in a RICO prosecution where "the defendants were charged with participating in or assisting the same racketeering enterprise" and "[e]very count in the indictment allegedly arose out of defendants' conduct on behalf of or in coordination with the" identified enterprise); *United States v. Whitfield*, 590 F.3d 325, 355 (5th Cir. 2009) ("When otherwise separate offenses are charged as predicate acts of a substantive RICO count, they may be related to each other in such a way as to satisfy Rule 8(b)" (alteration and internal quotation marks omitted)).

Vennie next contends that she was prejudiced by the denial of her motion to sever and thus that the court abused its discretion in denying that motion. But the general rule in

3

this circuit is clear: "when defendants are indicted together, they should be tried together." *United States v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012). To show prejudice resulting from the denial of a pretrial motion to sever, the defendant must satisfy "the heavy burden" of demonstrating that the jury could not reach "a reliable judgment as to guilt or innocence" because of the joint trial. *United States v. White*, 737 F.3d 1121, 1133 (7th Cir. 2013) (internal quotation marks omitted). Vennie's efforts to make such a showing fall short.

First, that evidence was offered of no relevance to Vennie's individual charges is not dispositive. It is well settled that "a defendant is not entitled to severance merely because he might have had a better chance of acquittal in a separate trial." *United States v. Lighty*, 616 F.3d 321, 348 (4th Cir. 2010). The Supreme Court has held that limiting instructions "often will suffice to cure any risk of prejudice" caused by joinder, *Zafiro v. United States*, 506 U.S. 534, 539 (1993), and the court gave such a limiting instruction in this case. Second, the allegedly inflammatory evidence presented to establish Byrd's personal relationships with certain inmates cannot be said to have unduly swayed the jury given that the jury acquitted Byrd of all charges—despite the admission of this evidence. Finally, Vennie does not demonstrate that the testimonial evidence as to retaliatory prison gang violence was of such a quality or pervasiveness as to create a concern that it unfairly and irreparably infected the jury. We thus affirm the district court's joinder ruling.

II.

Vennie next argues the district court erred in denying her motion for a mistrial. We review the denial of a motion for a mistrial for an abuse of discretion. *United States v. Wallace*, 515 F.3d 327, 330 (4th Cir. 2008).

4

Vennie's motion for a mistrial hinged on one statement made by FBI Special Agent Joseph Perrino (Agent Perrino). Specifically, on cross-examination, Vennie's lawyer questioned Agent Perrino about Agent Perrino's efforts to prepare a cooperating co-defendant to testify. When asked if he told this witness the case was proceeding against Vennie and Byrd, Agent Perrino responded, "Well, sir, you know, we had a guilty plea the morning of—." (J.A. 831).[2] The district court immediately stopped Agent Perrino's testimony and conferred with the parties outside the jury's presence.

At this point, Vennie moved for a mistrial on the ground that Agent Perrino's just quoted testimony improperly informed the jury of a non-testifying co-defendant's guilty plea. *See United States v. Blevins*, 960 F.2d 1252, 1260 (4th Cir. 1992) ("[E]vidence of a non-testifying co-defendant's guilty plea should not be put before the jury."). In denying Vennie's motion for a mistrial, the district court first recognized that whether the challenged testimony constituted impermissible testimony as to a non-testifying co-defendant's guilty plea is questionable because Agent Perrino neither identified the co-defendant by name nor explicitly linked the mentioned guilty plea to a defendant in this case. Nonetheless, the district court concluded that, assuming error occurred, such error was harmless. Thereafter, the district court instructed the jury that any other person's decision to plead guilty was a "personal decision[] about their own guilt"; that the jury should not "speculate about the reasons why" co-defendants were not part of the trial; and

---

[2] Citations to the "J.A." refer to the joint appendix submitted by the parties.

that the jury should not use any individual's decision to plead guilty "in any way as evidence against or unfavorable to the defendants on trial here." (J.A. 844-45).

On appeal, Vennie contends the district court erred in denying her motion for a mistrial. In support, Vennie posits that the district court erred in allowing Agent Perrino to inform the jury of a non-testifying co-defendant's guilty plea and that such error is not harmless beyond a reasonable doubt. In response, the Government first contends that Agent Perrino's testimony on cross-examination did not place before the jury any improper evidence of a non-testifying co-defendant's guilty plea. Alternatively, the Government maintains that any error resulting from the statement is harmless beyond a reasonable doubt.

It is well settled "that evidence of a non-testifying co-defendant's guilty plea should not be put before the jury." *Blevins*, 960 F.2d at 1260. The two reasons for this restriction are: (1) the co-defendant is not present to be cross-examined about his motives for pleading guilty; and (2) the jury might consider the co-defendant's guilty plea as evidence of the defendant's guilt. *Id.* Although we have recognized "that the error in introducing the guilty pleas of non-testifying co-defendants is of constitutional dimension[,]" such error is subject to harmless error review. *Id.* at 1262; *see United States v. Poole*, 640 F.3d 114, 118-19 (4th Cir. 2011) (explaining that the trial court's "repeated references" to the earlier guilty pleas of co-defendants is a trial error reviewable for harmlessness and not a structural error). Under this standard, a mistrial must be declared unless this court is satisfied "beyond a reasonable doubt" that the impact of the error was harmless. *Blevins*, 960 F.2d at 1262. The harmlessness inquiry "requires a quantitative assessment of the likely impact

6

of the error measured against the other evidence presented at trial." *Blevins*, 960 F.2d at 1263. In other words, we ask whether "a rational trier of fact would have found [Vennie] guilty absent the error." *Poole*, 640 F.3d at 120.

Even assuming *arguendo* that Agent Perrino impermissibly apprised the jury of a non-testifying co-defendant's guilty plea, the district court did not abuse its discretion in denying Vennie's motion for a mistrial on this basis because such assumed error was harmless beyond a reasonable doubt. Notably, after the challenged testimony arose, the district court gave the jury an exacting and complete cautionary instruction on this issue, and this court presumes that a jury follows this type of cautionary instruction. *United States v. Saint Louis*, 889 F.3d 145, 155 (4th Cir.), *cert. denied*, 139 S. Ct. 269 (2018). By way of this instruction, the district court effectively safeguarded Vennie from any prejudice resulting from Agent Perrino's response. *Id.* at 155-56. Nor is Vennie's claim of irreparable prejudice particularly colorable when considered in light of the weight of the Government's evidence, which included inculpating testimony by two co-defendants; testimony from an eyewitness who observed Vennie and two co-conspirators packaging contraband for Vennie to smuggle into ECI; and robust documentary evidence offered through various witnesses, which included corroborating text messages and evidence of financial transactions. Our examination of the entire trial leads us to this inescapable conclusion: a rational finder of fact would have found Vennie guilty absent the challenged testimony. *Poole*, 640 F.3d at 120. Accordingly, we conclude the district court did not abuse its discretion in denying Vennie's motion for a mistrial, *see Wallace*, 515 F.3d at

7

330, because Agent Perrino's statement "was harmless beyond a reasonable doubt," *Blevins*, 960 F.2d at 1262.

Finally, Vennie assigns reversible procedural error to the two role enhancements applied by the district court at sentencing. In reviewing any federal sentence, this court must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, consider the 18 U.S.C. § 3553(a) (2012) factors, or adequately explain the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). If a party asserts on appeal a claim of procedural sentencing error that it preserved before the district court, we review for abuse of discretion and will reverse unless we conclude that the error was harmless. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). In evaluating a challenge to the district court's computation of a defendant's Guidelines range, this court reviews for clear error the underlying factual determinations made by the district court and reviews de novo its relevant legal conclusions. *See United States v. Alvarado Perez*, 609 F.3d 609, 612 (4th Cir. 2010).

In the presentence report, the probation officer grouped the three counts of conviction and relied on the money laundering guideline, U.S. Sentencing Guidelines Manual § 2S1.1(a)(1) (2016), to determine Vennie's base offense level. This guideline directs the use of the base offense level "for the underlying offense from which the laundered funds were derived," which, in this case, was racketeering. The racketeering guideline, USSG § 2E1.1(a)(1), provides for a base offense level of 19. To this, the probation officer recommended a two-level enhancement under USSG § 2S1.1(b)(2)(B)

8

because Vennie was convicted under 18 U.S.C. § 1956. The probation officer also recommended a two-level enhancement for abuse of a position of trust, *see* USSG § 3B1.3, and a four-level enhancement for being a leader or organizer, *see* USSG § 3B1.1(a). Over Vennie's objections, the district court sustained the Chapter 3 enhancements, but reduced the role enhancement to three levels for being a manager or supervisor. *See* USSG § 3B1.1(b).

Vennie contends on appeal that the district court procedurally erred in its application of the Chapter 3 enhancements because it relied on acts apart from the conduct related to the money laundering conspiracy to support the enhancements. Vennie's argument finds support in the Guidelines Commentary to USSG § 2S1.1, which provides: "[A]pplication of any Chapter Three adjustment shall be determined based on the offense covered by this guideline (*i.e.*, the laundering of criminally derived funds) and not on the underlying offense from which the laundered funds were derived." USSG § 2S1.1 cmt. n.2(C); *see United States v. Howard*, 309 F. App'x 760, 769 (4th Cir. 2009) (argued but unpublished) (finding reversible sentencing error when the district court's "manager or supervisor" finding was based on the defendant's role in the underlying prostitution ring as opposed to the money laundering). However, upon review of the record, we conclude that both enhancements were properly applied—even with the limitation on what aspects of Vennie's conduct may be considered. *See Attkisson v. Holder*, 925 F.3d 606, 624 (4th Cir. 2019) (recognizing that we may "affirm on any grounds supported by the record" (internal quotation marks omitted)).

9

As to USSG § 3B1.3, Vennie's position as a correctional officer at ECI is undoubtedly a position of trust, and there is no room to credibly doubt that Vennie used that position to facilitate the money laundering conspiracy. Specifically, the trial testimony established that Vennie dictated the price, the method, and the timing of payments made in exchange for Vennie smuggling contraband into the prison. Vennie's smuggling efforts were orchestrated by an ECI inmate, aided by his nonincarcerated girlfriend. Implicit in the court's ruling on this issue is the conclusion that Vennie's role as a correctional officer in the prison in which this inmate was housed enhanced her ability to successfully dictate these terms. This conclusion is eminently logical and required no further discussion.

The record also confirms that Vennie's conduct solely related to the money laundering conspiracy warranted the three-level enhancement under USSG § 3B1.1(b). The trial evidence established that Vennie was critical in (1) designing the money laundering scheme through which she hid her ill-gotten gains in PayPal accounts issued in the names of her sister and cousin; and (2) directing payments to those accounts, which were made to compensate Vennie for smuggling contraband into ECI. *Cf. Howard*, 309 F. App'x at 769. Although it did not entirely accept the defense's argument on this point, the district court, which was intimately familiar with Vennie's criminal conduct, made this finding "even with respect to the money laundering specifically." (J.A. 1182). We thus hold that, regardless of the rationale expressed at sentencing, the district court properly applied both enhancements.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

11